## Case No. 1,006.

BARNARD et al. v. MORTON.

[1 Spr. 186.] [1]

District Court, D. Massachusetts. April Term, 1850.

CUSTOMS DUTIES—APPRAISAL—SUGAR FROM CUBA VIA HALIFAX.

1. Sugars were transported from Cuba to Halifax, and thence imported into the United States: *Held*, that under the tariff act of 1842, the duties were to be assessed upon the market value of the sugars in Cuba, at the time when they were shipped from Halifax, with the addition of the usual charges at Halifax.

[See Norcross v. Greeley, Case No. 10,294.]

2. Freight from Cuba to Halifax is not to be added.

At law. This was an action against the collector of the port of Boston. [Judgment for plaintiffs.]

The case came before the court upon a statement of facts, by which it appeared that two invoices of Havana sugars were consigned to the plaintiffs, by merchants residing at Halifax, N. S., subject to an ad valorem duty of 30 per cent. That upon arrival, they were appraised for the assessment of duties, by adding to the market value in Cuba, the charges incurred there, freight from there to Halifax, and the charges at Halifax. The plaintiffs, consider-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

ing this mode of valuation unauthorized by law, paid the duties assessed, under protest, and brought this action against the collector, to recover so much as was unlawfully demanded.

C. G. & F. C. Loring, for the plaintiffs, contended, that upon a proper construction of the statute, August 30, 1842, § 16 (5 Stat. 563,) the valuation for the assessment of duties, when goods were imported from a place other than that of production or manufacture, should be the market value in the principal market of the country of production or manufacture, at the time of the exportation to the United States, with the addition of the charges at the place of such exportation, or otherwise at the place of production; and that in neither case, should the freight to the intermediate port be added. So that in the present case, the sugars should be taken at their value in Cuba, at the time they were shipped from Halifax, and to this should be added, for the assessment of duties, only the charges at Halifax, or at the place of shipment in Cuba.

Lunt, for the defendant, rested the defence principally upon the instructions of Mr. Walker, when secretary of the treasury, and subsequent confirmatory directions of Mr. Meredith, to whose attention the case was early presented by the plaintiff.

SPRAGUE, District Judge. It is plain, that the time when the valuation is to be made, is that of the exportation to the United States, and the standard, the market value in the country of production, at that time.

The only question is, as to what shall be added to such valuation.

The law says, to this value shall be added the usual cost and charges.

If it were not for the subsequent proviso in the statute, the valuation would be, in all cases, the market value at the place of exportation, which might include the charges at Cuba, and the freight thence; and to this should be added the charges at Halifax. But the proviso alters the standard of value, by declaring that, when the place of exportation is not that of production, the value shall be taken in the place of production, at the time of exportation. Nothing is said about costs and charges in the proviso, and therefore, only the costs and charges at the place of exportation should be added.

The principal question is, whether the freight from Cuba to Halifax can be added. This item constitutes no part of the value of the merchandize in Cuba, and it is not one of the costs and charges incurred at Halifax. If the standard were the market value in Halifax, it might be included; but as the standard is the market value in Cuba, it is necessarily excluded. It is admitted, that if the sugars had been shipped from Cuba to the United States, freight could not be ad-

ded, and there is no more reason why it should be added in the present case.

Upon examination of the statute, I cannot resist the conclusion, that the construction which has been given to it by the treasury department, and is now contended for, in behalf of the United States, is erroneous.

This opinion, I understand to be in accordance with the decision of the circuit court of the United States, in the recent case of Grinnell v. Lawrence, [Case No. 5,831.]

In the present case, the duties should have been assessed on the market value of the sugars in Cuba, at the time when shipped from Halifax, with the addition of the usual charges at Halifax; and for the excess, which was unlawfully demanded and paid, the plaintiffs are entitled to judgment.